*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *DAWN R. DROUIN,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 1:14-cv-544-DBH* |
| | ) | |
| *CAROLYN W. COLVIN, Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION[1]*

The plaintiff, appearing *pro se* in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal reasserts the issues that she raised before the Appeals Council: whether the administrative law judge should have found her depression to be a severe impairment, whether the administrative law judge wrongly failed to analyze the impact of her obesity on her ability to work, whether the administrative law judge was required to give the opinion of her treating physician controlling weight, whether the administrative law judge properly analyzed her daily activities and the side effects of her medication, and whether the administrative law judge's

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

hypothetical question to the vocational expert was fatally flawed.[2]  I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the cervical spine, chronic obstructive pulmonary disease (COPD), and coronary artery disease, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 22-24; that she retained the residual functional capacity ("RFC") to perform light work, except that she would require the ability to change positions between sitting and standing at will, could occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps, but could never climb ladders, ropes, or scaffolds, and would need to avoid concentrated exposure to temperature extremes, dust, gases, odors, fumes, and poor ventilation, Finding 5, *id*. at 24; that she was capable of performing her past relevant work as a telemarketer, Finding 6, *id*. at 27; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability (December 31, 2009) through the date of the decision, July 26, 2013, Finding 7, *id*. at 29.  The Appeals Council declined to review the decision, *id*. at 2-4, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

[2] A footnote on the first page of the plaintiff's itemized statement of errors states "Please note that the undersigned was unable to gain access to the testimony of the hearing."  [Itemized Statement] (ECF No. 17-1) at 1 [Record at 295] n.1.  At oral argument, defense counsel suggested that this is an artifact of the plaintiff's presentation to the Appeals Council, and I agree.  The plaintiff had access to the transcript of her hearing (ECF No. 15-2) at 30-77, filed on the docket on March 12, 2015, before she filed her itemized statement of errors (ECF No. 17), on April 8, 2015.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).[3]

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the

---

[3] At oral argument, the plaintiff spoke, among other things, about her current ability to perform work-related tasks and her dissatisfaction with the lawyer who represented her at the hearing before the administrative law judge. However, as I told the plaintiff at oral argument, this court may consider only the evidence that was before the administrative law judge at the time of her written decision.

3

individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I.      Discussion

### A.  Step 2 Issue

The plaintiff contends that the administrative law judge should have found that her depression was a severe impairment.  Itemized Statement at 3 [Record at 297].  She recites evidence that she asserts "indicat[es] that [the plaintiff]'s depression had more than a minimal effect on [the plaintiff]'s ability to perform basic work activities."  *Id.* at 4 [Record at 298]. Assuming *arguendo* that this conclusion is valid, the plaintiff has not thereby demonstrated her entitlement to "remand for further administrative proceedings[.]"  *Id.*  In this court, a plaintiff seeking remand at Step 2 of the sequential evaluation process must demonstrate "how the error would necessarily change the outcome" of her claim.  *Bolduc v. Astrue*, No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010).  The plaintiff has made no attempt to make this showing.

In fact, the administrative law judge adequately supported her conclusion that the plaintiff's depression was not severe.  The administrative law judge wrote:

> The claimant's medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere.
>
> In making this finding, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1).

Record at 23.  She then discussed each of these functional areas.  *Id*. at 23-24.  Further support is found in the reports of state-agency reviewers, to which the administrative law judge assigned "great weight."  *Id*. at 27.  Both of the reviewing psychologists concluded that the plaintiff's

depression was not severe.  *Id*. at 93 (Thomas Knox, Ph.D.); 115 (Brian Stahl, Ph.D.).  This is substantial evidence supporting the administrative law judge's conclusion.

For each of these reasons, the plaintiff is not entitled to remand on this basis.

### B.  Treating Physician's Opinion

The plaintiff argues that the administrative law judge was required to give controlling weight to the opinion of Amber Schmidt, D.O., her treating physician, to the effect that she was only capable of "significantly less than a full range of sedentary work."  Itemized Statement at 2-3 [Record at 296-97].  The administrative law judge said of Dr. Schmidt's opinions that:

> These opinions are accorded very little weight, as they are inconsistent with the reliable evidence of record, and with the claimant['s] reported activities of daily living.  Specifically, this opinion is inconsistent with the claimant's reported cooking, driving, watching television, reading, walking a mile around the house, dressing, completing laundry, and washing dishes.  This is also inconsistent with physical examinations of record, which show the claimant having full ranges of motion in all extremities, full motor strength in all extremities, and a normal gait and station. The opinions are also inconsistent with MRIs of record, which demonstrate only mild findings.  (Ex. 1F, 5F, 9F, 10F, 11F).
>
> In contrast, a second primary care provider of the claimant's, Dr. Catherine [Chamberlin], DO,[4] opined that the claimant would be capable of lifting and carrying ten pounds frequently and twenty ponds occasionally, capable of sitting for seven of eight hours in a workday, and capable of standing and walking for seven of eight hours in a workday; This portion of Dr. [Chamberlin]'s opinion is accorded significant weight, as it is consistent with the above described physical examinations and diagnostic studies of record.  Further, it is consistent with the claimant's reported activities of daily living.  This portion of the opinion is most consistent with the claimant's mild pulmonary functioning test, her mild findings on lumbar and cervical MRIs, and her normal ranges of motion and gait and station during physical examinations.  (Ex. 14F).

Record at 26-27.

---

[4] This physician's name is actually Catherine Chamberlin, Record at 751; her last name is the same as that of Dr. Richard Chamberlin, a state-agency physician reviewer in this case.  *Id*. at 118.

A treating physician's opinions are entitled to controlling weight only when they are well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.   20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  An administrative law judge may give a treating physician's opinions little weight so long as she supplies good reasons for doing so.  *Dunning v. Colvin*, No. 2:14-cv-00401-JCN, 2015 WL 4139618, at *4 (D. Me. July 9, 2015).   Here, some of Dr. Schmidt's opinions are inconsistent with those of the state-agency reviewing physicians,[5] *compare, e.g.,* Record at 723 (plaintiff can lift and carry 10 pounds occasionally, can use hands and fingers only 30-50% of the time per Dr. Schmidt) *with id.* at 116-17 (plaintiff can lift and carry 20 pounds occasionally, has no manipulative limitations per Dr. Richard Chamberlin) and 94-95 (plaintiff can occasionally lift and carry 20 pounds, with no manipulative limitations per Dr. Hayes) and that alone deprives Dr. Schmidt's opinions of controlling weight.  *Bowker v. Comm'r, Soc. Sec. Admin.*, No. 2:13-CV-122-DBH, 2014 WL 220733, at *3 (D. Me. Jan. 21, 2014).  Indeed, some of Dr. Schmidt's opinions are internally inconsistent, *compare, e.g.,* Record at 722-23 (plaintiff's symptoms associated with impairments will interfere with performance of simple work-related tasks frequently; plaintiff can stand or walk only five minutes at a time; plaintiff can lift and carry less than 10n pounds occasionally; plaintiff can reach with arms only 10% of workday; all as of July 31, 2012) *with id.* at 726-27 (plaintiff's symptoms associated with impairments will interfere with performance of simple work-related tasks constantly; plaintiff can stand or walk 15 minutes at a time; plaintiff can lift and carry less than 10 pounds frequently; plaintiff can reach with arms 20% of workday; all as

---

[5] The defendant concedes, Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 19) at 7 n.3, that the state-agency physicians did not review the "entirety" of the medical evidence, contrary to the administrative law judge's assertion.  Record at 27.  However, she also correctly observes that the administrative law judge personally reviewed all of the medical evidence submitted after the dates of the state-agency reviews, and that her discussion of this evidence supports the administrative law judge's conclusions.  *See Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *3-*4 (D. Me. Sept. 27, 2012).

of August 10, 2012) and *id.* at 534 (plaintiff can never lift and carry 10 pounds, and cannot use arms for reaching at all, both as of October 19, 2011).[6]  The plaintiff does not specify which opinions of Dr. Schmidt she contends should control.  The length of the plaintiff's treating relationship with Dr. Schmidt and the frequency of her appointments, Itemized Statement at 2 [Record at 296], do not outweigh these inconsistencies.

The plaintiff is not entitled to remand on the basis of the administrative law judge's weighing of Dr. Schmidt's opinions.

### C.  Impact of Obesity

The plaintiff next asserts that she is entitled to remand because the administrative law judge "failed to analyze the impact of [her] obesity on her ability to work."  Itemized Statement at 1 [Record at 295].  Specifically, she contends that Social Security Ruling 02-1p ("SSR 02-1p") requires an administrative law judge to analyze the impact of a claimant's obesity on her ability to work, that Dr. Schmidt found that she was obese, and that Dr. Catherine Chamberlin "opined significant functional limitations as a result of the [plaintiff]'s obesity and other impairments[.]"  *Id*. at 4 [Record at 298].  Again, she fails to take the necessary next step in her appeal, to identify how such an analysis would result in a different outcome on her claim.  *Pike v. Astrue*, No. 2:11-cv-78-JAW, 2012 WL 113311, at *4-*5 (D. Me. Jan. 12, 2012).

While it is true that the administrative law judge did not discuss the plaintiff's obesity in her decision, the plaintiff must identify evidence in the record of specific functional limitations caused by her obesity in order to be entitled to remand on this basis.  *Webber v. Colvin*, No. 2:13-

---

[6] Dr. Catherine Chamberlin, a treating physician, opined in May 2013 that the plaintiff would not need to lie down during the workday other than during scheduled breaks, could stand or walk 45 minutes at a time for up to seven hours per workday could occasionally lift and carry 20 pounds, and could use her hands and fingers for work-related functions without limitation, Record at 830-31, all of which differ significantly from Dr. Schmidt's opinions on the same functional capacities.

cv-00236-NT, 2014 WL 3530705, at *3 n.3 (D. Me. July 15, 2014).  This she does not do.  Equally important here is the fact that, contrary to the plaintiff's suggestion, Dr. Catherine Chamberlin does not assign any of the functional limitations from which she opined that the plaintiff suffered specifically to the plaintiff's obesity.  She merely lists obesity as one of seven diagnoses that she assigns to the plaintiff, Record at 830, and responds to the remaining questions on the two-page form that she filled out in terms of all of the plaintiff's "symptoms associated with [her] impairments[.]"  *Id. See, e.g., Rigby v. Astrue*, No. 1:11-cv-110-JAW, 2012 WL 282988, at *5 (D. Me. Jan. 30. 2012).  Even more significant is the fact that the plaintiff apparently never presented to the administrative law judge any claim that her ability to work was limited by her obesity.  "It is bedrock Social Security law that issues and claims not raised before the administrative law judge cannot be raised for the first time in an appeal from the commissioner's decision."  *Clarke v. Colvin*, No. 2:13-cv-377-GZS, 2015 WL 1206495, at *15 (D. Me. Mar. 17, 2015).  My search located no mention by the plaintiff in any document in the administrative record of any effect of her obesity on her ability to work.  Her lawyer asked no questions about her obesity at the hearing before the administrative law judge.

The plaintiff has not shown that the administrative law judge's error in not discussing the effects of her obesity on her ability to perform work-related functions, if indeed it was an error, was anything other than harmless.

### D.  Daily Activities and Side Effects of Medication

The plaintiff next asserts that the administrative law judge's assessment of her credibility was fatally flawed by her failure "to properly analyze Claimant's daily activities and the side effects of her medication."  Itemized Statement at 4 [Record at 298].  Again, she fails to describe

how inclusion of these two alleged limitations would necessarily change the outcome of her claim, and that omission is fatal to her argument.

In addition, this argument fails on the merits.  Specifically, as to the first issue, she challenges the administrative law judge's failure to mention in her discussion of the plaintiff's daily activities her "difficult time driving due to her daily headaches" and that she "woke frequently in the night and was always tired."  *Id*.  The administrative law judge found that the plaintiff's headaches were controlled by medication.  Record at 23.  That finding, which the plaintiff does not challenge, means that the administrative law judge necessarily rejected the plaintiff's testimony about difficulty driving caused by her headaches, so that her failure to mention this claim could only have been a harmless error, if it was an error at all.[7]

As to the plaintiff's testimony that she was "always tired," the RFC assigned to the plaintiff by the administrative law judge, which is supported by substantial evidence, is inconsistent with a finding that the plaintiff was consistently so tired that she could not work at all, which is the only possible interpretation of the cited testimony that could require a different outcome on the plaintiff's claims.  That RFC, again, makes any failure to mention this testimony harmless, if it was error.

The defendant admits that the administrative law judge failed to discuss the side effects of the medications taken by the plaintiff.  Opposition at 14.  The plaintiff asserts that Lisinopril, pravastatin, glipizide, and metropolol made her tired and drowsy, amitriptyline made her dizzy, and metformin gave her diarrhea.  Itemized Statement at 4 [Record at 298].  The plaintiff's citations to the record in support of this assertion, *id*. (Exhibits 4E, 7E, and 9E), are all to report forms that she filled out, rather than to testimony or medical evidence, and do not specify the degree or

---

[7] The administrative law judge is not required to address every item of evidence or testimony in the record.  *See, e.g., Hatt v. Social Sec. Admin. Comm'r*, No. 1:13-cv-00335-NT, 2014 WL 4411600, at *5 (D. Me. Sept. 5, 2014).

intensity of any alleged side effect.[8] *See, e.g., Abel v. Commissioner of Soc. Sec.*, Case No. 1:14-cv-00699, 2015 WL 4755204, at *15 (S.D. Ohio Aug. 11, 2015) (credibility assessment not invalid where claimant did not identify medical evidence substantiating claim that side effects of prescribed medication precluded work); *Rogers v. Colvin*, No. CV 114-122, 2015 WL 4507047, at *5 (S.D. Ga. July 23, 2015) (burden is on claimant to show that side effects of medication affect work, not on administrative law judge to show that they do not); *Masso v. Colvin*, No. 1:14-cv-04250, 2015 WL 3687106, at *11 (N.D. Ill. June 10, 2015) (given other stated grounds for questioning claimant's credibility, failure to discuss side effects of medication harmless).

The plaintiff also seeks remand on the ground that the administrative law judge's assessment of her credibility was fatally incomplete because she did not "include that [the plaintiff] struggled with depression due to sexual and physical abuse as a child." Itemized Statement at 4 [Record at 298]. However, the plaintiff does not explain how this factor would relate to the assessment of a claimant's credibility, much less be determinative.

The plaintiff is not entitled to remand for each of these reasons.

### E.  Vocational Testimony

The plaintiff's final alleged error involves the testimony of the vocational expert at the hearing before the administrative law judge. She contends that this testimony was unreliable because it "was in response to an incomplete hypothetical question" that was incomplete due to the four errors alleged in her previous arguments. *Id.* at 5 [Record at 299]. This argument is entirely derivative of those earlier arguments, and, because I have rejected all of those earlier arguments, this portion of the plaintiff's itemized statement presents no ground for remand. *See, e.g., Davis v. Colvin*, No. 1:14-cv-343-JHR, 2015 WL 3937423, at *6 (D. Me. June 25, 2015);

---

[8] On one of these forms, the plaintiff asserted that aspirin makes her drowsy and dizzy. Record at 281.

*Lenfest v. Colvin*, No. 2:14-cv-229-JHR, 2015 WL 1539725, at *4 (D. Me. Apr. 7, 2015).  The

plaintiff takes nothing by this argument.

## II.     Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 2nd day of October, 2015.


                                             /s/  John H. Rich III
                                             John H. Rich III
                                             United States Magistrate Judge

11